Weygandt, C. J.
In the opinion of the Court of Appeals appears the following statement:
“Upon the foregoing facts, the plaintiff, by levying execution on the automobile as the property of the defendant to satisfy its judgment, waived its mortgage lien thereon. ’ ’
One difficulty with this categorical statement is that no authority is cited to support it. Especially to be noted is the absence of reference to the decision of this court in the case of Green v. Bass, 83 Ohio St., 378, 94 N. E., 742, Ann. Cas. 1912A, 828. The syllabus reads:
“The owner of a senior chattel mortgage does not, by recovering a judgment on the note which it secures and causing execution to be levied on the chattels mortgaged, waive the priority of his lien. (Frost v. Shaw, 3 Ohio St., 270, approved and followed.) ’ ’
And in the supporting opinion by Shauck, J., is the following cogent and pertinent rationale:
‘ ‘ That the assignor, by the suit and levy, waived the lien of the mortgage, or at least its priority, is the claim of plaintiff’s counsel, and the conclusion is said to result from the doctrine of merger. That the note became merged in the judgment which was a higher form of the same debt is clear enough upon both principle and authority. But it is not made to appear how it could affect the lien of the mortgage, which, according to the established view in this state, is only a security for the debt. Why should not that which was a security before the recovery of the judgment be a security after it? Plaintiff did not, in any way, change his position in consequence of the recovery of that judgment, nor was he, in any way, affected by it. No reason appears why the case should not be governed by the general rule that a security continues until the discharge of the obligation. If the doctrine of merger could be said to be applicable to a case of this character, it would still be true that even with respect to the union of a lesser and greater estate in the same property and in the same person, the estates will not be regarded as merging if equitable considerations require them to be regarded *91 as separate. But in view of our own decisions, an extended discussion of the'subject is not necessary. In Frost v. Shaw et al., 3 Ohio St., 271, the precise question was decided in accordance with the view taken in the Circuit Court. That case was later cited with approval in Colwell v. Carper, 15 Ohio St., 279.”
This rule is summarized as follows in 17 Ohio Jurisprudence, 1147, Sections 777 and 778:
“That a chattel mortgagee may, instead of pursuing his remedy to foreclose the chattel mortgage, bring an action on the secured debt, reduce such debt to judgment and levy execution on the mortgaged property has been recognized by a number of Ohio cases. * * *
“It is a general rule that an independent action on the mortgage debt by a chattel mortgagee, and the levy of execution on the property secured, do not waive the mortgage lien, or the priority of such lien, although the debt may have become merged in the judgment.”
And the following summary appears in 10 American Jurisprudence, 871, Section 236:
“(Generally where the mortgagee has several remedies on default, he may pursue any one of them, or any two of them concurrently. Thus, as a rule, he may proceed concurrently with1 proceedings to foreclose the mortgage, an action on the mortgage debt, and an action to recover possession -of the mortgaged property. In most jurisdictions he does not waive the lien of the mortgage by bringing an independent suit on the mortgage debt.”
In conformity with the foregoing pronouncements, this court is of the view that the plaintiff mortgagee did not waive its mortgage lien by its levy on the mortgaged automobile. The judgment of the Court of Appeals is reversed and that of the Municipal Court is affirmed.

Judgment reversed.

Zimmerman, Taft, Matthias, Bell, Herbert and Peck, JJ., concur.